[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11180
Non-Argument Calendar
_____

D. C. Docket No. 8:11-cv-00838-SCB-TGW

BRAD KUENZIG,
CHRISANNE OLIVER,
on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants,

versus

HORMEL FOODS CORP.,
KRAFT FOODS GLOBAL, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 1, 2013)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Brad Kuenzig appeals the district court's orders dismissing with prejudice his claims against Kraft Foods Global, Inc. (Kraft) and Hormel Foods Corporation (Hormel).  After *de novo* review, we affirm.

Kuenzig filed a putative class-action complaint alleging that Kraft misled consumers into believing its lunch meat products contained fewer fat-calories than they actually did.  Kraft achieved this alleged deception by listing caloric amounts and fat-free percentages immediately adjacent to one another on the products' labels.  For example, Kuenzig alleged Kraft's label proclaiming its Oscar Mayer Honey Ham to be "98% Fat Free • 50 calories per serving" misled consumers into believing ninety-eight percent of those fifty calories were fat free, when in actuality the product contained twenty-two percent fat by calories.[1]

At issue in this case are two district court orders dismissing Kuenzig's complaints.  In the first order, the district court granted Defendants' joint motion to dismiss Kuenzig's complaint for two independently sufficient reasons: (1) his state law claims were preempted by federal law, and (2) Kuenzig's complaint failed to state a claim under Fed. R. Civ. P. 12(b)(6).  First, Kuenzig's state law labeling claims were preempted because such claims would impose labeling requirements

---

[1] Kuenzig conceded that Hormel does not label caloric amounts near any fat-free percentages.  Rather, Kuenzig alleged that because Hormel knew its products would be placed on grocery shelves near Kraft's products, Hormel's fat-free percentage claims also misled consumers.  Kuenzig also acknowledged that both Kraft and Hormel include a nutrition panel on the back label of their lunch meat packaging, which discloses the number of calories per serving, as well as the number of those calories that come from fat.

"in addition to, or different than" those set forth under federal law. *See* 21 U.S.C. §§ 467e, 678. Federal regulations required Defendants to label their percentage fat-free claims based on the number of fat grams compared to the weight of their products. Defendants complied with this requirement. Also, federal regulations relating to the Poultry Products Inspection Act (PPIA), 21 U.S.C. § 451 *et seq.*, and the Federal Meat Inspection Act (FMIA), 21 U.S.C. § 601 *et seq.*, required Kraft and Hormel to submit their labels to the Food Safety and Inspection Service (FSIS) for approval prior to using the labels on their lunch meat products. *See* 9 C.F.R. § 381.132(a), § 317.4(a). Defendants also complied with this requirement. Because Kuenzig's state law claims would impose requirements "in addition to, or different than" federal law, they were preempted.

Second, Kuenzig's labeling allegations failed to state a claim. According to the district court, Kuenzig's contentions were "frivolous with respect to Hormel's labels, and disingenuous at best with respect to Kraft's labels." Because the both parties' labels complied with federal nutrition labeling regulations and passed the FSIS preapproval process, the labels were presumptively lawful and not false or misleading.

The district court dismissed all of Kuenzig's labeling claims with prejudice, but granted Kuenzig leave to file an amended complaint to assert a Little Federal Trade Commission Act claim (Little FTC Act) based on non-label advertising.

3

Kuenzig accepted that invitation, filing an amended complaint alleging that Defendants' advertisements misled consumers regarding the amount of fat-calories in their lunch meat products.[2]  Defendants's advertisements allegedly misled consumers by including pictures of the lunch meat labels and by identifying the products by their fat-free percentages.

In the second order, the district court granted Defendants' motions to dismiss Kuenzig's amended complaint for two reasons: (1) the Defendants did not violate Florida's Little FTC Act, because they were protected under the safe harbor provision of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA); and (2) Kuenzig again failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6). First, pursuant to its safe harbor provision, the FDUTPA does not apply to acts specifically permitted by federal law.  *See* Fla. Stat. § 501.212(1).  Defendants' labels were specifically permitted by federal law.  The labels complied with federal regulations regarding the use of percentage fat-free claims and were approved by FSIS prior to their commercial use.  Accordingly, Kraft and Hormel could not be liable pursuant to the FDUTPA's safe harbor provision.

Second, the district court also concluded Kuenzig failed to state a claim. Specifically, Kuenzig failed to allege a basis upon which Hormel's percentage fat-

---

[2] Kuenzig's amended complaint added a second plaintiff and new allegations against Hormel.  The district court granted Hormel's motion to strike the portions of the amended complaint relating to Hormel that exceeded the scope of the leave to amend, as well as the newly added plaintiff.  Kuenzig does not challenge these decisions on appeal.

free claim could be considered unfair or deceptive.  Because Kuenzig had not shown Hormel's label was unfair or deceptive on its own, the label could not become unfair or deceptive simply by virtue of being pictured in an advertisement. Accordingly, the district court dismissed the claims in Kuenzig's amended complaint with prejudice.

In sum, we affirm the dismissal of Kuenzig's claims against Kraft and Hormel for the reasons stated in the district court's thorough and well-reasoned orders.  Kuenzig's state law labeling claims are preempted by federal law. Alternatively, Kuenzig's state law labeling claims were properly dismissed for failure to state a claim.  Finally, Kuenzig's Little FTC Act claims are barred by the safe harbor provision of the FDUTPA.

**AFFIRMED.**